IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GREGORY GILLILAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CV 106-126 |
| | ) |
| JENNIFER YOUNG, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed a complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. The case is now before the Court on Plaintiff's motion for a preliminary injunction. (Doc. no. 12). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion be **DENIED**.

### I. BACKGROUND

In his motion, Plaintiff contends that the prison staff[1] is not providing him forms and other supplies he needs to address the Court; thus, the staff is denying him his right of access to the courts. (Doc. no. 12, p. 1). Plaintiff further states that the prison staff is retaliating against him and has locked him down in a mental health unit, despite the fact that he had already been in an "isolation lock down." (Id.). Plaintiff requests that the Court order the

---

[1] Plaintiff does not indicate what prison the "prison staff" is affiliated with. The Court presumes that Plaintiff refers to the prison staff at Augusta State Medical Prison, his current place of incarceration.

warden and the prison staff to provide the supplies he needs to write to the Court and to otherwise refrain from violating his right to access the Court. (Id.).[2]

## II. DISCUSSION

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." Id.

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to show that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted. In order to meet this requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain

---

[2] The Court notes that it has not yet screened Plaintiff's underlying complaint and therefore, any potential Defendant has not yet been served. Because Plaintiff's motion appears, on its face, to lack merit, the Court will address it without a response from Defendant.

2

injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury." (emphasis added)). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

In the instant case, Plaintiff has failed to show a real and immediate threat that he will be irreparably injured if he is not granted injunctive relief. As to his access to the courts claim, it is of course true that prisoners have a constitutional right under the Fourteenth Amendment to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Thus, prisoners are entitled to legal research materials. Id. "The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). The Eleventh Circuit has further explained the actual injury requirement:

> This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.

Id. at 1290-91 (citations omitted).

Although Plaintiff has indicated that he "has other legal actions proceeding," Plaintiff does not allege that Defendant's actions "hindered his 'efforts to proceed with a legal claim in a criminal appeal, post-conviction matter, or civil rights action seeking to vindicate basic

3

constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)). "[I]n an access-to-courts claim, 'a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic.'" Id. Plaintiff also fails to argue that he has been denied complete access to the law library or to legal materials. In fact, Plaintiff has submitted several documents to the Court, not only in this case, but in his other cases that are pending in this Court, thus indicating that Plaintiff has had adequate access to supplies with which to contact the Court.

Further, other than his general statement that the prison staff has locked him down in a mental health unit, despite the fact that he had been in an isolation unit, Plaintiff has not offered any specific facts or arguments to demonstrate that his being placed in a mental health unit was a direct result of, or related to, his filing a lawsuit. Moreover, Plaintiff has not demonstrated that the named Defendant in this case is the person responsible for locking him down or providing supplies to him. Accordingly, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief.

### III. CONCLUSION

As Plaintiff has failed to show a substantial threat of irreparable injury, and therefore, cannot meet his burden of persuasion on all four requisites for injunctive relief, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**.

SO REPORTED and RECOMMENDED this 22nd day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4