IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 106-126 |
| | ) | |
| JENNIFER YOUNG, REMONA | ) | |
| JENKINS, and FNU ISHIMAL, Prison | ) | |
| Guard, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, filed the above-captioned civil rights complaint, pursuant to 42 U.S.C. § 1983. After receiving Plaintiff's complaint, but before the Court attempted to screen it, pursuant to 28 U.S.C. §§ 1915(e) & 1915A, Plaintiff requested permission to amend his complaint (doc. no. 4), which the Court allowed him to do (doc. no. 13). Plaintiff then filed his amended complaint (doc. no. 16), with a "motion in claim, with claim for relief" attached to the amended complaint (doc. no. 17).[1] Because Plaintiff's amended complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any

---

[1] The Court notes that Plaintiff's motion is not actually a motion, but is a document that supplements Plaintiff's statement of claim in his amended complaint. (See doc. no. 17).

part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names Jennifer Young, Remona Jenkins, and FNU Ishimal, Prison Guard, as Defendants in this case. In his amended complaint, Plaintiff states that in July 2006,[2] he was called to the mail room to receive his mail, which included three letters from the court.[3] (Doc. no. 16, p. 5). When Defendant Young gave him his letters, he noticed that the letters were "a month overdue." (Id.; doc. no. 17, p. 1). When he asked Defendant Young why his mail had been withheld, she responded that she did not know. (Doc. no. 16, p. 5; doc. no 17, p. 1). Further, in September 2006, as Plaintiff was being escorted to the medical department, he stopped by the mail room, where he gave three envelopes to Defendant Jenkins to be mailed. (Doc. no. 16, p. 5; doc. no 17, p. 1). Plaintiff claims that these envelopes later came up missing. (Doc. no. 16, p. 5; doc. no 17, p. 1).

Thereafter, in November 2006, while Plaintiff was in isolation, he called Defendant Ishimal and asked him to mail Plaintiff's legal mail. (Doc. no. 16, p. 5). Defendant Ishimal allegedly told Plaintiff that he would give the package to the mail room to be mailed; however, "another inmate witnessed him place it in a plastic bag, and push it in the trash can" in retaliation for, presumably, the numerous lawsuits Plaintiff has filed. (Id.). As relief,

---

[2] The Court notes that in his "motion in claim," Plaintiff states that this occurred in August, not July. (Doc. no. 17, p. 1).

[3] Plaintiff does not indicate which court he is referring to in his amended complaint.

2

Plaintiff seeks an injunction against Defendants Jenkins and Young to uphold the law with regard to mail processing and not to tamper, conceal, withhold, or destroy his mail; a polygraph test; and an injunction against Defendant Ishimal to prevent him from handling any of Plaintiff's mail.

## II. DISCUSSION

### A. Access to the Courts

It is, of course, true that prisoners have a constitutional right under the Fourteenth Amendment to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). "The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). The Eleventh Circuit has further explained the actual injury requirement:

> This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.

Id. at 1290-91 (citations omitted).

Here, with respect to any access-to-the-courts claim against Defendant Jenkins for the incident in September 2006, and Defendant Ishimal for the incident in November 2006, Plaintiff has failed to allege that his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional

3

rights" have been hindered. Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

With respect to any access-to-the-courts claim against Defendant Young in July 2006, Plaintiff has failed to allege facts that would entitle him to relief. Specifically, Plaintiff asserts that one of the withheld documents was an order directing Plaintiff to provide to the court[4] certain documents within a ten-day time period. A second withheld document was an order dismissing his case because the documents that needed to be submitted to the court were not filed.[5] Because "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," see Lewis, 518 U.S. at 358, Plaintiff has arguably met his burden of alleging an actual injury.

Nevertheless, giving Plaintiff the benefit of the doubt and assuming, for the sake of argument, that Plaintiff alleged an actual injury regarding the July 2006, incident with Defendant Young, Plaintiff's claim still fails because Plaintiff does not state a causal connection between Defendant Young and the constitutional violation. The Eleventh Circuit has determined that a § 1983 claim "requires proof of an affirmative causal connection between the [defendant's] acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*). Specifically, Plaintiff failed to allege that Defendant Young was the person who withheld his mail. Plaintiff states that when he went to pick up his mail in July 2006, Defendant Young gave

---

[4] Plaintiff does not indicate which court or otherwise indicate what case he is referring to in his amended complaint.

[5] The Court notes that this allegation that one of Plaintiff's cases had been dismissed occurred prior to the September and November 2006 incidents.

4

it to him. (Doc. no. 17, p. 1). He then asked Defendant Young why his legal mail was over a month late, to which she responded that she did not know. (Doc. no. 16, p. 5). However, these statements do not sufficiently allege that Defendant Young was the individual responsible for causing Plaintiff's mail to be withheld or his case to be dismissed, or for otherwise violating Plaintiff's constitutional rights. Therefore, Plaintiff has failed to state an access-to-the-courts claim against Defendants. As such, Plaintiff's access-to-the-courts claim and Defendants Young and Jenkins should be **DISMISSED** from this case.

**B.     Retaliation**

In his amended complaint, Plaintiff alleges that Defendant Ishimal retaliated against him, presumably for filing numerous lawsuits, by throwing Plaintiff's legal mail in the trash can, despite having told Plaintiff that he would mail it. Plaintiff claims that this incident occurred on November 21, 2006. (Doc. no. 16, p. 5). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). The Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998).

Moreover, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the

5

administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 2386 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 2978 (2006). Consequently, in order to exhaust all available administrative remedies, an inmate must pursue an administrative appeal if his grievance is denied. Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Finally, in this Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Here, Plaintiff states that he has filed an administrative grievance and appealed the denial of that grievance, but nothing has happened in that appeal. Plaintiff's complaints regarding alleged delays in the administrative appeal process cannot serve to obviate the exhaustion requirement. Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion"

requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'"[6] Johnson, 418 F.3d at 1155, 1156.

Of course, in some cases, an "indefinite" delay might serve to demonstrate that administrative remedies are "unavailable." See, e.g., Brengettcy v. Horton, 423 F.3d 674, 682 (7th Cir. 2005). However, that is not the case here. In assessing this question, it will be helpful to explain the grievance procedure used in the Georgia state prison system. Under Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his

---

[6] Whether that possibility may be slight is irrelevant. The Eleventh Circuit has explained that, even if the likelihood of obtaining administrative relief is akin to that of being struck by lightning, an inmate must still exhaust administrative remedies. See Alexander, 159 F.3d at 1325 (quoting Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994)) ("No doubt denial *is* the likeliest outcome, but that is not [a] sufficient reason for waiving the requirement of exhaustion. Lightening may strike; and even if it doesn't, in denying relief the [administrative authority] may give a statement of its reasons that is helpful to the district court in considering the merits.").

7

receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2), (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id. § VI(D)(2), (5).

Here, Plaintiff states that he filed both an informal and formal grievance, which were denied. (Doc. no. 16, pp. 3-4). However unlikely Plaintiff's claim that he filed a grievance may be, giving Plaintiff the benefit of the doubt and accepting Plaintiff's allegations that he filed a grievance as true, Plaintiff still has not demonstrated that he has fully exhausted his administrative remedies. Although Plaintiff states that he appealed the denial of his grievance and that nothing has happened in that appeal, Plaintiff has not allowed the required 90 days for the Office of the Commissioner to respond to the appeal to pass before he filed his allegations against Defendant Ishimal. Moreover, Plaintiff has not alleged that he was denied the right to appeal that decision, only that nothing has happened in his appeal. Because Plaintiff has not allowed the requisite time to pass for his appeal, and he has not otherwise demonstrated that he was precluded from appealing, he has not exhausted his administrative remedies. As such, Plaintiff has failed to state a valid retaliation claim against Defendant Ishimal, see Rivera, 144 F.3d at 731, and Defendant Ishimal should be **DISMISSED** from this case.

## III. CONCLUSION

For the reasons set forth above, because Plaintiff has failed to state a claim upon which relief can be granted against any Defendant, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE